UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>RAMON VELEZ COLON<br><br>XXX-XX-2173<br><br>DEBTOR (S) | CASE NO. 22-00619-MAG<br><br>CHAPTER 13 |

TRUSTEE'S MOTION TO DISMISS

TO THE HONORABLE COURT:

NOW COMES José R. Carrión, Chapter 13 Trustee, through the undersigned attorney, and very respectfully alleges and prays as follows:

TO THE HONORABLE COURT:

1. The confirmed Chapter 13 Plan (Docket 15) provides that all future tax refunds would be submitted to the Trustee to increase the plan base, and if the Debtor(s) need said tax refunds, they would request authorization from the Court prior to use.

2. On June 04, 2026, the Trustee filed a "Trustee's Request Entry of Order" (Docket 48), in which he informed this Court that Debtor(s) had failed to submit tax refunds for years 2022,2023,2024,2025. Therefore, the Trustee requested that this Honorable Court orders Debtor(s) to submit within fourteen (14) days the abovementioned tax refunds to the Trustee per the terms of the confirmed plan.

3. This Honorable Court granted Trustee’s request on June 25, 2026 (Docket 49).

4. Debtor(s) have failed to comply with this Court's order entered on June 25, 2026. Furthermore, Debtor(s) are currently in default with the terms of the confirmed plan, which is cause for dismissal under 11 U.S.C. §1307(c)(6).

5. Debtor(s) failure to pay into the plan the tax refunds above mentioned constitutes a material default with respect to the terms of the confirmed/approved plan and is cause to dismiss the instant case. See 11 U.S.C. §1307(c)(6). Based on the above mentioned, Trustee requests that the instant case be dismissed.

WHEREFORE, for the reasons stated above it is respectfully requested from the Court to enter an order dismissing the present case for cause pursuant to 11 U.S.C §1307 (c)(6).

NOTICE

30 DAYS NOTICE: Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Rule 9006(f) of Fed. R. Bank. P., if you were served by mail, any party against whom this document is served, or any other party in interest who objects to the relief sought herein, shall file and serve an objection or other appropriate response to this document with the Clerk’s Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection

or other response is filed within the time allowed herein, the motion to dismiss will be deemed unopposed and may be granted or the case may be converted to a Chapter 7 case without the need of further notice or hearing.

NEGATIVE CERTIFICATION PURSUANT TO SECTION 201(B)(4) OF THE SERVICEMEN'S CIVIL RELIEF ACT OF 2003: The Chapter 13 Trustee declares that according to the attached certification(s), provided by the Department of Defense Manpower Data Center (DMDC), the Debtor(s) is (are) not in active duty or under call to active duty as a member(s) of the ARMY, NAVY, or AIR FORCES of the United States of America; National Guard; the Public Health Service or the National Oceanic and Atmospheric Administration.

CERTIFICATE OF SERVICE: The Chapter 13 Trustee certifies that copy of this motion has been served by first class mail on this same date to: the Debtor(s) and her/his/their attorney to the address in the record; and to all Creditors and Parties in interest to their respective address of record, as they appear in the attached master address list, if not are registered CM/ECF system participants.

In San Juan, Puerto Rico this Monday, August 3, 2026.

/s/ Jose R. Carrion

JOSE R. CARRION
CHAPTER 13 TRUSTEE
P.O. Box 9023884,
San Juan, P.R. 00902-3884
Tel (787)977-3535 FAX (787)977-3550

CM

Department of Defense Manpower Data Center

Results as of : Aug-03-2026 07:59:48 AM EDT

SCRA 5.29

# Status Report
# Pursuant to Servicemembers Civil Relief Act

SSN: XXX-XX-2173

Birth Date:

Last Name: VELEZ COLON

First Name: RAMON

Middle Name:

Status As Of: Aug-03-2026

Certificate ID: VRVL22TVQDGXG0C

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.